UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> DION URBINA, MILLER, and ZACH SHIFFLETT, <br><br> Defendants. | CAUSE NO. 1:25-CV-169-CCB-JEM |

**OPINION AND ORDER**

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint and a motion for leave to proceed in forma pauperis. ECF 1, ECF 2. He acknowledges that he has "struck out," which prohibits him from proceeding in forma pauperis unless he is in imminent danger of serious physical injury.[1] But he argues that he qualifies for the exception based on allegations that he does not receive adequate nutrition when he is in Disciplinary, which causes him to lose up to 5-10 pounds over a two-week period, and that presents an imminent danger to his health. The defendants filed a response, arguing that this does not qualify him for the imminent danger exception because Herzog is no longer in Disciplinary. ECF 5. This spurred Herzog to file an amended complaint, which states that he has recently been sentenced to 45 days in Disciplinary, and so he is still subject to those conditions. ECF 6.

---

[1] For a list of Herzog's strikes, see *Herzog v. LaRowe*, No. 1:24-cv-470-PPS-AZ (N.D. Ind. filed Nov. 6, 2024) at ECF 21.

When assessing whether a plaintiff has sufficiently alleged he is in imminent danger, what matters is the situation the plaintiff faced at the time the complaint was filed. If the imminent danger later ends, the earlier imminent danger determination is unaffected. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174 (7th Cir. 2010) ("And it is true that if when the prisoner files his suit he is in imminent danger of serious physical harm, he doesn't have to pay the entire filing fee up front even if later the danger passes . . .."). Therefore, the relevant inquiry here is whether Herzog plausibly alleged he faced the imminent danger at the time he filed his complaint.

The court assumes that Herzog submitted the original complaint to jail officials for mailing on April 5, 2025, the date he signed his motion for leave to proceed in forma pauperis. ECF 2. Therefore, under the prisoner mailbox rule, that is the date the complaint is deemed filed. *See Houston v. Lack*, 487 U.S. 266 (1988). And according to the original and the amended complaint, on April 5, Herzog was sentenced to 12 days in Disciplinary after a hearing. Thus, when Herzog filed the complaint, he was in Disciplinary and subject to the complained-about conditions.

In looking at those conditions, Herzog alleges that he has autism that comes with a sensory processing disorder, which means he cannot eat certain textured foods, such as noodles, patties, or beans. He relies on Ensure drinks to supplement his diet and maintain adequate nutrition. But, he continues, medical staff did not prescribe him Ensure drinks or otherwise put him on a special diet. So, when he is in Disciplinary, he loses access to those drinks (which, presumably, he can obtain when he is not in Disciplinary) and loses weight from not getting adequate nutrition.

2

Herzog has plausibly alleged that he was in imminent danger of serious physical harm from inadequate nutrition when he filed this complaint. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." (cleaned up)). Therefore, he may proceed in forma pauperis. However, the scope of this case is limited to claims relating to those allegations of imminent harm. *See Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wisc. 1999) ("To allow a prisoner to get around [§ 1915(g)'s] gate-keeping mechanism by joining an allegation of imminent injury with a parade of other claims having nothing to do with an imminent danger to a prisoner's physical well-being would quickly eviscerate the three-strike rule and frustrate the clear objectives of the United States Congress."); *Almond v. Doyle*, No. 09-cv-335, 2009 WL 3762000, *2 (W.D. Wis. Nov. 6, 2009) ("[Three-struck plaintiff] must prepay the filing fee for the lawsuit if he wishes to pursue any claims that do not involve imminent danger of serious physical injury."), *aff'd sub nom. Almond v. Pollard*, 443 F. App'x 198 (7th Cir. 2011) (noting without discussion that the district court limited claims to those involving imminent danger).

The imminent harm relates to the adequacy of Herzog's diet while in Disciplinary. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Detainees are held in

3

conditions that amount to punishment when, among other things, they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Detainees also are entitled to objectively reasonable medical care for serious medical needs. *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). Herzog has plausibly alleged that he has a serious medical need that requires a special diet, and he is being denied that diet while in Disciplinary, in violation of the Fourteenth Amendment.

However, Herzog seeks money damages but does not name a defendant who was personally responsible for the denial of an appropriate diet while in Disciplinary. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (noting liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation). He sues Sergeant Dion Urbina, Corporal Miller, and Lieutenant Zack Shifflett, alleging each was involved in improprieties that caused him to be wrongfully sentenced to Disciplinary on April 5, in violation of his right to due process. None of this has to do with the diet he is provided in Disciplinary. And his alleged wrongful placement in Disciplinary is unrelated to the diet he is allowed there; he faces the same conditions whether his placement is proper or improper.

This complaint does not identify a proper defendant and so does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to

4

be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **DIRECTS** the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Coltin Drew Herzog;

(2) **GRANTS** Coltin Drew Herzog until **May 30, 2025**, to file an amended complaint limited to the imminent danger he faces from inadequate nutrition in Disciplinary; and

(3) **CAUTIONS** Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 30, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT