UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> DION URBINA, BRIAN MILLER, and ZACH SHIFFLETT, <br><br> Defendants. | CAUSE NO. 1:25-CV-169-CCB-JEM |

## OPINION AND ORDER

When Coltin Drew Herzog, a prisoner without a lawyer, began this case, he had "struck out" and was prohibited under 28 U.S.C. § 1915(g) from proceeding in forma pauperis unless he was in imminent danger of serious physical injury.[1] Herzog argued he fell under the exception because he alleged he was wrongfully placed in Disciplinary at the DeKalb County Jail, and when he is in Disciplinary, he is not allowed access to Ensure drinks. ECF 1. He said he relies on Ensure drinks to receive adequate nutrition in light of a sensory processing disorder that prevents him from eating much of the food served at the jail. Therefore, he argued, he was in imminent danger of serious harm from the severe weight loss he experiences when he is in Disciplinary.

The court agreed that Herzog had plausibly alleged he faced imminent danger when he was in Disciplinary, but it concluded that his complaint about being

---

[1] For a list of Herzog's strikes, see *Herzog v. Burton*, No. 1:25-cv-252-PPS-APR (N.D. Ind. closed May 23, 2025) at ECF 3.

wrongfully placed in Disciplinary was unrelated to the imminent danger. ECF 9. He would face the same danger for a proper Disciplinary placement as much as an improper placement. Therefore, the court granted him leave to proceed in forma pauperis, but instructed him to file an amended complaint that limited the claims to just those involving the adequacy of his diet when he is housed in Disciplinary.

Herzog filed an amended complaint, asking the court to reconsider the order granting him leave to proceed in forma pauperis. ECF 12. He would like time to pay the filing fee in full so that he can challenge his Disciplinary placement instead of the "side issue" he was allowed to proceed on. *Id.* at 2.

Herzog's request is an admission that he attempted to "bamboozle" the court into allowing him to proceed in forma pauperis by manufacturing a claim of imminent danger to attach to a claim that wouldn't otherwise qualify. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit."); *see also Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) (allowing a court to scrutinize allegations of imminent danger). Therefore, the court will revoke Herzog's in forma pauperis status and dismiss the case as a sanction for attempting to evade the statutory restrictions on proceeding in forma pauperis.[2]

---

[2] There is no need to place a restriction on Herzog as well because he has already been restricted as of May 23, 2025, in *Herzog v. Burton*, No. 1:25-cv-252-PPS-APR (N.D. Ind. decided May 23, 2025) at ECF 3. Once this case closes, this case will fall under that restriction, which allowed any of Herzog's open cases to continue. Thus, the restriction order will prevent Herzog from filing anything else in this case that violates that restriction.

2

For these reasons, the court:

(1) **REVOKES** Herzog's in forma pauperis status and **VACATES** the order (ECF 8);

(2) **DISMISSES** this case **WITHOUT PREJUDICE** because of Herzog's attempt to bamboozle the court to avoid the restrictions of 28 U.S.C. § 1915(g); and

(3) **DIRECTS** the clerk to send a copy of this order to the inmate trust fund department at the DeKalb County Jail so that they are aware that the filing fee order in this case has been vacated, to be replaced by another order, which will be docketed separately.

SO ORDERED on June 11, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT